UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-277-KSF

SHARON FAUL                                                                                         PLAINTIFF

v.                                             **OPINION & ORDER**

BOARD OF EDUCATION OF DANVILLE
INDEPENDENT SCHOOLS AND CARMEN COLEMAN,
in her individual and official capacity as Superintendent
of the Danville Independent School District                                   DEFENDANTS

\* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Board of Education of Danville Independent Schools ("BOE"), for partial judgment on the pleadings for failure to state a claim against it under state law pursuant to the Kentucky Whistleblower Act, KRS 61.101, *et seq*. This motion is fully briefed and is ripe for review. Also before the Court are the motions of the plaintiff, Sharon Faul, for leave to amend her complaint [DE #20] and to remand [DE #21].

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The facts, as alleged in Faul's complaint, are as follows. Faul was employed by the BOE as a classified employee in the position of Director for the Family Resource and Youth Services Center ("FRYSC") serving Danville High School and Bate Middle School from 1997 until June 30, 2012. In this position, Faul was subject to yearly performance evaluations. Until the 2011-12 school year, Faul had received good evaluations.

In the Fall of 2011, the FRYSC Program had a vacant position and was hiring an assistant. The hiring committee, composed of members of the FRYSC Advisory Committee, Faul, and the

principal, reviewed all applicants and selected two as their finalists. The two finalists were African American women who were qualified to hold the position. Instead of selecting one of the two finalists, Coleman awarded the position to another District employee, without input or agreement from the FRYSC Advisory Committee. The two applicants were advised that they did not receive the position.

Faul complained that Coleman's actions were in violation of the hiring procedures and subverted the hiring process, the opinions of the hiring committee, and the FRYSC Advisory Committee. She complained that one of two vetted applicants was supremely qualified for the position whereas the individual who was given the position was not. As a result of these complaints, Faul contends that she received a negative performance evaluation from Coleman, who had elected to become Faul's evaluator rather than having the principals at the high school and middle school perform the evaluation, as normally done. During her evaluation, she contends that no corrective action plan or other tools were provided or offered to Faul as a means of improving her performance and no review sessions were scheduled.

Faul also contends that after the hiring of the assistant, her work and program were unreasonably and overly scrutinized and unduly criticized. For example, Coleman yelled at Faul in a professional meeting and ignored Faul at a school orientation event where her presence and presentation were previously planned and discussed. Then on May 15, 2012, Faul received a letter from Coleman stating that she would no longer be serving as Director and would be placed in another classified position in the District. Coleman cited Faul's performance evaluation as a basis for her demotion from Director of the FRYSC Program to an instructional aide. Faul contends that this demotion caused her to suffer a substantial cut in salary as well as the prestige associated with

the position. She also complains that Coleman's actions caused her humiliation, embarrassment, emotional distress, and mental anguish. Finally, Faul contends that she is qualified to hold the position of Director of the FRYSC Program.

Faul filed this civil action in Boyle Circuit Court on August 10, 2012. In Count I, Faul alleges that the actions of the BOE and Coleman were in retaliation for Faul's report of mismanagement, violation of law and/or abuse, and thus in violation of Kentucky's Whistleblower Act, KRS 61.101 *et seq.* Count II of Faul's complaint asserts a federal due process claim based on the 14th Amendment pursuant to 28 U.S.C. § 1983. Finally, in Count III, Faul alleges that the Defendants' actions were in violation of Faul's right to be free of arbitrary and capricious actions as guaranteed to her under Section 2 of the Kentucky Constitution. On August 30, 2012, the Defendants removed Faul's complaint to this Court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction arising under 28 U.S.C. § 1983 [DE #1].

On September 24, 2012, the defendants filed their Motion for Partial Judgment on the Pleadings [DE #4], arguing that the Complaint fails to state a claim against them under state law. The parties subsequently agreed that Count I should be dismissed against defendant Carmen Coleman, and on October 2, 2012, the Court entered its Order of Partial Dismissal, dismissing, with prejudice, Count I of Faul's Complaint against Coleman in her individual and official capacity [DE #6]. Thereafter, by Opinion & Order of April 9, 2013 [DE #13], the Court dismissed Faul's claims against the BOE in Count I as barred by governmental immunity, and Faul's claims against the BOE and Coleman, individually and in her official capacity, in Count III. Based on Faul's motion for relief from this Order arguing that the BOE never moved to dismiss Count I, this Court subsequently vacated its dismissal of Faul's claims against the BOE based on the Kentucky Whistleblower Act,

KRS 61.101 *et seq*. The Court, however, allowed the BOE a limited time to file a motion to dismiss this claim. The BOE timely filed this motion to dismiss Faul's claims based on the Kentucky Whistleblower Act.

In response to the BOE's motion, Faul has filed her response objecting to the dismissal, as well as a motion [DE #20] to amend the Complaint as follows: (1) to drop all claims asserted in Count II of her Complaint, which assert federal constitutional claims; (2) to drop Carmen Coleman, individually and in her official capacity, as a defendant to this action; (3) to correct and amplify her claims based on the Kentucky Whistleblower Act, KRS 61.101 *et seq*.; and (4) to add a claim under the Kentucky Civil Rights Act, KRS 344, *et seq*. Faul has also filed a motion [DE #21] to remand this matter to Boyle Circuit Court, on the grounds that if her motion to amend is granted, only state law claims remain. The defendants object to Faul's motion to amend on the grounds that it is premature [DE #23].

**II.   ANALYSIS**

The first motion before the Court is the BOE's motion for partial judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on Faul's claim against the BOE based on the Kentucky Whistleblower Act, KRS 61.101 *et seq*. Specifically, the BOE contends that Faul's complaint fails to state a claim and should be dismissed. While the BOE contends that this motion should be resolved before the Court considers Faul's motions to amend and to remand, the Court disagrees.

Faul's motion for leave to amend [DE #20], if granted, would eliminate all federal claims from this action. Specifically, Faul proposes to drop all claims asserted in Count II of her original complaint which asserted violations of the Due Process Clause of the 14th Amendment of the U.S.

Constitution pursuant to 42 U.S.C .§ 1983. Additionally, Faul proposes to drop all claims against Carmen Coleman, individually and in her official capacity as Superintendent of the Danville Independent School District. The proposed amended complaint also "correct[s] and amplif[ies]" her claims based on the Kentucky Whistleblower Act, KRS 61.101 *et seq.*, and adds a claim based on the Kentucky Civil Rights Act, KRS 344 *et seq*. The BOE objects to Faul's motion, primarily arguing that the Court should first decide its pending motion for judgment on the pleadings.

Should the Court grant Faul's motion for leave to amend, all federal claims would be eliminated. Under 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over state law claims when all claims over which it had original jurisdiction have been dismissed. Thus, the court will first consider Faul's motion for leave to amend. Rule 15(a)(2) of the Federal Rule of Civil Procedure provides that a party may amend its pleadings with the court's leave, which "[t]he court should freely give . . . when justice so requires." Fed.R.Civ.P. 15(a)(2). The defendants have not raised any objection to Faul's proposed amended complaint, except as to the newly asserted claims based on KRS 344.280. This statute makes it an unlawful practice to, *inter alia*, conspire "[t]o retaliate or discriminate against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter. . . ." The facts underlying this new claim in the proposed amended complaint were, largely, previously alleged in the original complaint and are not so unrelated to the original claims as to be of surprise to the BOE. Accordingly, the BOE will not be prejudiced by the addition of this claim. As a result, pursuant to Rule 15(a)(2), the Court will grant Faul's motion for leave to amend her complaint.

5

In light of the posture of this case based on the amended complaint, the Court believes the best practice is to decline to decide a purely state law issue when no federal claims remain regardless of the Court's ruling on the BOE's motion. Moreover, there is simply no requirement that the Court must decide motions in the order in which they were filed.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Faul's motion for leave to file an amended complaint [DE #20] is **GRANTED** and the Clerk is **DIRECTED** to **FILE** Faul's tendered amended complaint;

(2) this action **REMAINS PENDING** only against the BOE for the claims asserted in the Amended Complaint; all claims against Carmen Coleman, individually and in her capacity as Superintendent of Danville Independent School District, are **DISMISSED WITH PREJUDICE**;

(3) pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise jurisdiction over the remaining state law claims and therefore this matter is **REMANDED** to Boyle Circuit Court;

(4) the Clerk shall send a copy of this Opinion & Order to the Clerk of the Boyle Circuit Court;

(5) Faul's motion to remand [DE #21] is **DENIED AS MOOT**; and

(6) the BOE's motion for partial judgment on the pleadings [DE #19] is **PASSED.**

(7) the pretrial conference of October 31, 2013, and the trial of December 10, 2013, are **SET ASIDE**.

This July 15, 2013.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**